**COHEN & MIZRAHI LLP**
Edward Y. Kroub, Esq.
Moshe O. Boroosan, Esq.
300 Cadman Plaza West, 12th Floor
Brooklyn, New York 11201
Phone: (929) 575-4175
ekroub@cmlattorneys.com
mboroosan@cmlattorneys.com

*ATTORNEYS FOR PLAINTIFF*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON DIVISION**

| | |
|---|---|
| MIKHAIL SHRAGA,<br><br>                    Plaintiff,<br><br>     vs.<br><br>VALLEY CREDIT SERVICE, INC. and FINANCIAL RECOVERIES, INC.,<br><br>                    Defendants. | Civil Action No.: _____<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff Mikhail Shraga ("Plaintiff") brings this action against defendant Valley Credit Service, Inc. ("Valley Credit") and defendant Financial Recoveries, Inc. ("Financial Recoveries") (collectively "Defendants") and alleges based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

**NATURE OF THE ACTION**

1.      This is an action to recover damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Defendants have been furnishing inaccurate account information that was published on Plaintiff's credit report.

2.      On September 2, 2020, Plaintiff submitted a debt validation letter to Valley Credit disputing the accuracy of reporting and asking Valley Credit to validate the details of the account.

- 1 -

3. On September 2, 2020, Plaintiff submitted a debt validation letter to Financial Recoveries disputing the accuracy of reporting and asking Financial Recoveries to validate the details of the account.

4. The FDCPA provides that once a consumer disputes the details of an account, the debt collector is prohibited from re-reporting the account without marking the account as disputed. Nonetheless, Defendants continued to communicate the information without marking the account as disputed or otherwise updating the account as necessary. Defendants' reporting was thus misleading as a matter of law.

5. Plaintiff's credit score suffered as a result of the misleading information communicated by Defendants, and Plaintiff has been forced to deal with the aggravation and humiliation of a poor credit score. Accordingly, Plaintiff is entitled to damages.

### JURISDICTION AND VENUE

6. The claims asserted in this complaint arise under 15 U.S.C. § 1692e of the FDCPA. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

### PARTIES

8. Plaintiff resides in Middlesex County, New Jersey, and qualifies as a "consumer" as that term is defined under 15 U.S.C. § 1692a. Plaintiff is an individual.

9. Valley Credit is a foreign corporation and debt collection agency that uses the mail, telephone, and facsimile, and is registered to do business in this District, the principal purpose of which is to attempt to collect debts alleged to be due another. Valley Credit qualifies as a "debt collector" under the FDCPA.

10. Financial Recoveries is a foreign corporation and debt collection agency that uses the mail, telephone, and facsimile, and is registered to do business in this District, the principal purpose of which is to attempt to collect debts alleged to be due another. Financial Recoveries qualifies as a "debt collector" under the FDCPA.

## SUBSTANTIVE ALLEGATIONS

11. This case involves a Valley Credit collections account that was reported on Plaintiff's Experian credit report. The original creditor of the account was CMP Group, PC Spine and Wellness Center, which specializes in chiropractic sports medicine.

12. This case also involves two Financial Recoveries collections accounts that were reported on Plaintiff's Experian credit report. The original creditors of the accounts were Rutgers' Robert Wood Johnson medical providers.

13. On September 2, 2020, after Plaintiff learned that Valley Credit communicated inaccurate information about the collections account, Plaintiff sent a debt validation letter directly to Valley Credit disputing the accuracy of information on the account.

14. Also on September 2, 2020, after Plaintiff learned that Financial Recoveries communicated inaccurate information about the collections accounts, Plaintiff sent a debt validation letter directly to Financial Recoveries disputing the accuracy of information on the accounts.

15. Under the FDCPA, the receipt of Plaintiff's debt validation letter required Defendant to cease communicating information about the accounts without marking the accounts as disputed.

16. On September 2, 2020, Plaintiff also disputed the Valley Credit and Financial Recoveries accounts reporting by submitting a written dispute letter to Experian's FCRA compliance department.

17. Under the Fair Credit Reporting Act, upon receiving Plaintiff's dispute letters, Experian was statutorily obligated to notify Defendants of the dispute within five days.

18. Notification of Plaintiff's dispute triggered Defendants' statutory obligations to conduct an investigation, mark the accounts as disputed, and delete the disputed information from Plaintiff's accounts.

19. Nonetheless, Defendants continued to communicate account information without marking the accounts as disputed.

20. Plaintiff's credit score suffered as a result of the misleading information communicated by Defendants, and Plaintiff has been forced to deal with the aggravation and humiliation of a poor credit score.

## CAUSES OF ACTION

## COUNT I

**Against Defendants for Violation of the FDCPA, 15 U.S.C. § 1692e**

21. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

22. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. Subsection (8) of that provision specifically states that "the failure to communicate that a disputed debt is disputed" is a violation of this section, as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\* \* \*

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, ***including the failure to communicate that a disputed debt is disputed***.

(emphasis added).

23. Defendants received debt validation letters from Plaintiff stating that the information on the accounts was disputed.

24. Nonetheless, Defendants continued to report the details of Plaintiff's accounts to the credit reporting agencies without marking the accounts as disputed.

25. Plaintiff has been forced to deal with the aggravation and humiliation of a poor credit score.

26. Accordingly, Plaintiff is entitled to damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands a judgment:

a) awarding Plaintiff statutory money damages, actual damages, and punitive damages;

b) awarding attorney's fees and costs, and other relief; and

c) awarding such other relief as to this Court may seem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

DATED: April 29, 2021                                   **COHEN & MIZRAHI LLP**

*/s/ Edward Y. Kroub*
EDWARD Y. KROUB
MOSHE O. BOROOSAN
300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201
Phone: 929/575-4175
Fax: 929/575-4195
ekroub@cmlattorneys.com
mboroosan@cmlattorneys.com

*Attorneys for Plaintiff*

- 7 -

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not related to any other action, pending arbitration or administrative proceeding currently pending in any court.

I hereby certify that the following statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DATED: April 29, 2021  **COHEN & MIZRAHI LLP**

*/s/ Edward Y. Kroub*
EDWARD Y. KROUB
MOSHE O. BOROOSAN
300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201
Phone: 929/575-4175
Fax: 929/575-4195
ekroub@cmlattorneys.com
mboroosan@cmlattorneys.com

*Attorneys for Plaintiff*